CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PUTT PUTT GOLF & GAMES OF ROANOKE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BB&T FINANCIAL, FSB, <br><br> Defendant. | Civil Action No. 7:12cv00196 <br><br> **MEMORANDUM OPINION AND ORDER** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This is an action by plaintiff Putt Putt Golf & Games, pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, against defendant BB&T Financial for breach of warranty and fraud stemming from an agreement for credit card processing services. The agreement in question contains a mandatory binding-arbitration clause.[1] The matter is currently before the court on BB&T's motion to stay the action and compel arbitration. Putt Putt has responded to BB&T's motion by informing the court "that it reluctantly declines to oppose the Motion."

The Federal Arbitration Act governs arbitration agreements in contracts affecting commerce. See 9 U.S.C. § 1 (2006); Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003); see also Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1202–04 (2012) (noting the emphatic federal policy in favor of arbitral dispute resolution and instructing that the Federal Arbitration Act preempts conflicting state law) . The Act explains that

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[1] Section 5.28 of the parties' agreement states, in part: "Any claim or dispute ('Claim') by either Merchant or Bank against the other arising from or relating in any way to Merchant's account, this Merchant Agreement or any transaction conducted at the Bank or any of its affiliates, will, at the election of either Merchant or Bank, be resolved by binding arbitration." (Merchant Agreement 23, E.C.F. No. 1-1.)

agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3.

The court is satisfied that the issues raised in this action are "referable to arbitration" under the Federal Arbitration Act and the broad language of the parties' arbitration agreement. Putt Putt does not oppose the motion. The court will therefore grant BB&T's motion to compel arbitration and stay the action.

For the reasons stated, it is hereby **ADJUDGED** and **ORDERED** that the defendant's motion to compel arbitration is **GRANTED** as to all claims raised in this civil action, and this matter is hereby **STAYED** until such time as arbitration has been had in accordance with the terms of the parties' arbitration agreement. Further, the parties are hereby **ORDERED** to apprise the court every sixty days of this matter's status in arbitration.

**ENTER**: This 10th day of May, 2012.

UNITED STATES DISTRICT JUDGE